Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
*1047 Se solicita la expedición de un auto de revisión y la revocación de una resolución dictada por la Junta de Apelaciones del Sistema de Administración de Personal (J;A.S.A.P). Mediante la antes aludida resolución ésta confirmó la decisión de la Policía de Puerto Rico de denegar al recurrente el acceso a la investigación realizada como parte del proceso de reclutamiento y selección de candidatos para la posición de guardia cadete. Dicha investigación produjo el rechazo de su solicitud de ingreso a la Policía. Expedimos el auto y revocamos.
I
El recurrente Irving Rivera Mariani presentó solicitud de empleo en la Policía de Puerto Rico como guardia cadete. Como parte de los requisitos se realizó una investigación confidencial con el propósito de tener conocimiento sobre su carácter, reputación, hábitos, conducta en la comunidad y otros aspectos pertinentes. Luego de concluir la mencionada investigación, la Oficina de Reclutamiento y Recursos Humanos de la Policía de Puerto Rico le cursó una carta al recurrente en la cual le informaba que la evaluación realizada indicaba que no reunía los requisitos para el puesto solicitado. En consecuencia, se denegó su solicitud de empleo. A petición del recurrente la Policía revisó los resultados de la investigación realizada y sostuvo su decisión.
El 24 de junio de 1996 el recurrente presentó un recurso de apelación ante J.A.S.A.P. y alegó que la decisión de la Policía de Puerto Rico era contraria a la Ley y reglamentos de ese cuerpo. Argüyó que se violentó su derecho a un debido proceso de ley por razón de que no se le permitió tener acceso al informe o investigación realizada sobre su persona, acto, que a su juicio, le impidió presentar prueba testimonial y documental que refutara el contenido del informe aludido.
La Policía de Puerto Rico contestó las alegaciones mencionadas en la apelación y sometió bajo la más estricta confidencialidad una copia del informe conteniendo los resultados de la investigación en cuestión. Adujo en su contestación que las personas que son entrevistadas, en relación a los candidatos que solicitan empleo en la Policía de Puerto Rico, tienen una expectativa de confidencialidad y la divulgación de sus nombres podría poner en peligro su seguridad y vida privada. Además, argüyó que este método de investigación junto a la garantía de confidencialidad es un mecanismo necesario para una adecuada selección del personal que en un futuro podría ser parte de la Policía de Puerto Rico. Luego de evaluar los planteamientos de las partes y el informe sometido, J.A S.A.P. resolvió que la "investigación confidencial" demostraba claramente que la comunidad tenía una percepción negativa del recurrente por lo que actuó correctamente la Policía de Puerto Rico al rechazar su solicitud de empleo. Señaló además, que no surge de la evaluación realizada hechos tendentes a demostrar que la agencia haya actuado arbitraria o discriminadamente.
Inconforme con dicho dictamen el Sr. Rivera Mariani recurre ante nos alegando que J.A.S.A.P. erró al no reconocer que negar el acceso absoluto a la investigación realizada por la Policía de Puerto Rico violentó el derecho que tiene el recurrente a un debido proceso de ley. Concedimos a la Policía de Puerto Rico un plazo para que mostrara causa por la cual no debíamos expedir el auto y revocar la Resolución emitada por J.A.S.A.P. Por entender que el mencionado error se cometió expedimos el auto solicitado y revocamos.
II
En Soto v. Secretario de Justicia, 112 D.P.R. All (1982), se dejó claramente establecido que el derecho de la cuidadanía a obtener información en manos del Estado tiene rango constitucional. Dicho Colorado surge del derecho a la libre expresión garantizado en la Primera Enmienda de la Constitución de los Estados Unidos y por el Artículo 2, sección 4, de la Constitución del Estado Libre Asociado de Puerto Rico. Guadalupe v. Saldaña, _ D.P.R. _ (1993), op. de 7 de abril de 1993, 93 J.T.S. 51, pág. 10575. No obstante, se ha reconocido que este derecho no es absoluto y debe ceder cuando existe un interés público apremiante que así lo amerite. Guadalupe v. Saldaña, Ibid; López Vives v. Policía de P.R., 118 D.P.R. 219, 229 (1987).
En Santiago v. Bobb y El Mundo Inc., 117 D.P.R. 153, 159 (1986), se mencionaron unas situaciones que deben estar presentes para que el Estado prevalezca en su reclamación de no divulgación. Las mismas son las siguientes; "cuando: (1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarlos que pueden invocar los ciudadanos;... (3) revelar la información pueda lesionar derechos fundamentales de terceros;...( 4) se trata de la *1048 identidad de un confidente —Regla 32 de Evidencia— y (5) sea información oficial conforme la Regla 31 de Evidencia." 
En el caso de marras la Policía de Puerto Rico sostiene su derecho a confidencialidad argumentando que la información solicitada goza de los privilegios recogidos en la Regla 31 y Regla 32 de Evidencia. Además, alegan que la divulgación puede afectar derechos de terceros.
La Sección 12.6(6) del Reglamento de Personal de la Policía dispone:

"A todo candidato a ingreso se le practicará una investigación minuciosa sobre carácter, reputación, hábitos, conducta en la comunidad y otros aspectos similares. El expediente de la investigación practicada, así como la información contenida en el mismo estará clasificada en la categoría de confidencial."

Vemos pues, que la investigación realizada en este caso tiene como propósito legítimo garantizar que el personal que trabaje para la Policía de Puerto Rico sea el más capacitado y moralmente idóneo para velar por la seguridad pública. Demostrado que la información solicitada fue obtenida legítimamente debemos entonces analizar las circunstancias que rodean el caso en su totalidad. 
Ello quiere decir, que el tribunal administrativo deberá analizar el contenido y naturaleza del informe junto al efecto que tendría la divulgación de la información. También deberá analizar cuál es la práctica de la agencia al investigar estos casos incluyendo quién tiene acceso a los documentos y a qué usos se destina. Por último, hay que evaluar cuáles son las consecuencias de la divulgación sobre la vida privada de terceros y confrontarla con el interés público en la divulgación. López Vives v. Policía de P.R., supra, págs. 233-234.
Aclaramos que al evaluar un reclamo de confidencialidad de parte del Estado dicha interpretación deberá realizarse de tal manera que propendan a divulgar la información solicitada y para que el Estado prevalezca deberá demostrar un interés apremiante de mayor jerarquía que el derecho de un ciudadano a obtener información. 
"El Estado no puede invocar livianamente el privilegio de información oficial o de confidencialidad frente al reclamo del ciudadano o de la prensa a que se le brinde información sobre asuntos de interés general. Sólo en casos de imperativo interés público puede el Estado invocar el manto de secretividad o confidencialidad ante un reclamo de información en poder del Estado...La reglamentación en términos de confidencialidad absoluta no puede prevalecer." Conferencia Judicial Plenaria, Primer Examen de las Reglas de Evidencia de 1979: Comentarios y Recomendaciones, XXI Rev. Jur. U.I.P.R. 143 (1986).
Los tribunales debemos ser bien cautelosos al revisar las determinaciones de los organismos administrativos para de esta manera garantizarle al ciudadano la protección de su derecho constitucional evitando que las agencias tomen decisiones arbitrarias y caprichosas que violenten su derecho al libre flujo de información. López Vives v Policía de P.R., supra, pág. 234.
Cabe señalar, que independientemente de la existencia de prueba contundente que sostenga la decisión de la agencia, el recurrente tenía derecho a conocer la prueba y refutarla, si lo entendía conveniente, "[s]alvo que el Estado cumpla con los criterios de confidencialidad descritos anteriormente."Ibid, pág. 235.
El informe solicitado tenía como propósito determinar si el recurrente cumplía con los requisitos para ser miembro de la policía como guardia cadete. La investigación de la policía había culminado con su recomendación negativa. El recurrente solicitó copia del informe o investigación realizada luego de la decisión de la Policía de Puerto Rico de denegar su solicitud. Por lo tanto, no existía el riesgo de afectar una investigación en proceso ya que la misma había finalizado.
La Policía de Puerto Rico alega que la divulgación y acceso a la información atenta contra la seguridad de terceros porque el recurrente podría reconocer las personas que dieron la información bajo la promesa de estricta confidencialidad. En este caso, era menester examinar los documentos obrantes en el informe y determinar qué información debía suprimirse para garantizarle la seguridad a *1049 los entrevistados que son los terceros en este caso. Es decir, proveer la información a que se tiene derecho sin que en el proceso se pueda inferir la fuente que proveyó la misma.
A continuación mencionamos la información que el recurrente tenía derecho a saber como parte de su derecho a la libre expresión y debido proceso de ley, sin exponer a un riesgo innecesario a los entrevistados:

"1. Se relaciona con personas de mala reputación en el pueblo de Patillas. Personas cuyos nombres aparecen en el mencionado informe.

2. El candidato frecuenta lugares reconocidos como puntos de drogas en el municipio de Patillas. De igual forma se especifican las áreas que se identifican como puntos de drogas.

3. El candidato usaba un gorra con un logo de una hoja de marihuana y en su vehículo tenía una calcomanía de la misma hoja. Además usaba una pantalla lo que alegadamente proyectaba una imagen negativa del mismo.

4.Antes de casarse con su actual esposa ésta presentó una querella por supuestos actos de violencia doméstica. Posteriormente desistió de proseguir con la denuncia. Sin embargo, el recurrente en su entrevista dijo que nunca la Policía había tenido que intervenir con él por ninguna razón o motivo."

Por tanto, resolvemos que el mecanismo de "inspección en cámara" es prudente en este caso debido a la información delicada que contiene el informe. El acceso absoluto del recurrente al informe podría atentar contra la seguridad y vida privada de los entrevistados. La Policía de Puerto Rico demostró que podría existir un daño inminente de conceder un acceso total del informe. Por ello, en un balance de interés resolvemos que la información dada en la forma anteriormente expuesta presenta una solución justa para ambas partes. De esta manera el recurrente tiene un acceso limitado al contenido del informe que le permitirá refutar la información vertida por los entrevistados sin exponer a éstos a un peligro innecesario.
No olvidemos que "[ijndependientemente de si la prueba era o no sólida, el recurrente tiene derecho a conocerla para poder dar su versión salvo que el Estado cumpla con los criterios de confidencialidad descritos anteriormente. "López Vives v. Policía de P.R., supra, pág. 235. En su día, de éste no poder refutar esa información, quedaría avalada la determinación de la Policía al rechazar la solicitud de ingreso del recurrente.
Además, encontramos que la investigación realizada no está cobijada por la excepción a divulgación. Dicha investigación tenía como propósito determinar si el recurrente poseía las cualidades necesarias para pertenecer a la policía. No se estaba investigando la violación de alguna ley civil o criminal. El hecho de que la policía realice una investigación no convierte a ésta en un "récord investigativo" cobijado por la excepción. López Vives v. Policía de P.R., supra, pág. 237.
"La comparecencia ante J.A.S.A.P. es la última oportunidad que tiene el peticionario en el procedimiento administrativo para confrontar la prueba y defenderse. En este sentido es equivalente a un juicio en sus méritos, pues no es una etapa preliminar del caso. Una vez J.A.S.A.P. emite su dictamen el único remedio disponible es un recurso de revisión en donde el alcance de la intervención es limitado". López Vives v. Policía de P.R., Ibid, pág. 230.
Por ello, los tribunales apelativos de los organismos administrativos deben reconocerle a la parte afectada por la decisión de la agencia presentar prueba a su favor y a refutar oralmente o por escrito la evidencia sometida en su contra. López Vives v. Policía de P.R., Ibid, pág. 231.
La conclusión a la cual arribamos está en armonía con los múltiples pronunciamientos del Tribunal Supremo orientados hacia la concesión y acceso a información en poder del gobierno. Véase Partido Popular Democrático v. Gobernador de Puerto Rico, _ D.P.R. _ (1995), op. de 22 de diciembre de 1995, 95 J.T.S. 165, pág. 443 y Noriega Rodríguez v. Hernández Colón, _ D.P.R. _ (1992), op. 30 de junio de 1992, 92 J.T.S. 85, pág. 9,643. Más aún, en circunstancias como las presentes en las *1050 que el recurrente tiene derecho a conocer y refutar información perjudicial que resulta en detrimento de su derecho a competir en igualdad de condiciones para el puesto de guardia cadete de la Policía de Puerto Rico. La tendencia en favor del derecho a la información es irreversible. López Vives v. Policía de Puerto Rico, supra.
Recapitulando, J.A.S.A.P. debió hacer un resumen de la información recopilada en el informe y darle un acceso limitado al recurrente para que éste pudiera refutar el contenido de las mismas. Por tanto se expide el auto solicitado, se revoca la Resolución en controversia y se ordena se continúe con los procedimientos de manera consistente con lo aquí resuelto.
Lo acordó el Tribunal y lo certifica la Secretaria Ceneral.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 54
1. Regla 32 - Privilegio en cuanto a identidad de informante
Una entidad pública tiene el privilegio de no revelar la identidad de una persona que ha suministrado información tendente a descubrir la violación de una ley del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América, si la información es dada en confidencia por el informante a un funcionario de orden público, a un representante por la agencia encargada de la administración o ejecución de la ley que se alega fue violada o a cualquier persona con el propósito de que la trasmitiera a tal funcionario o representante. Evidencia sobre dicha identidad no será admisible a menos que el tribunal determine que la identidad de la persona que dio la información ya ha sido divulgada en alguna otra forma, o que la información sobre la identidad es esencial para una justa decisión de la controversia, particularmente cuando es esencial a la defensa del acusado.
2. "Regla 31 - Privilegio sobre información oficial

(A)Segán usada en esta regla, "información oficial" significa información adquirida en confidencia por un funcionario o empleado público en el desempeño de su deber y que no ha sido oficialmente revelado ni está accesible al público hasta el momento en que se invoca el privilegio.

(B) Un testigo tiene el privilegio de no divulgar una materia por razón de que constituye información oficial, y no se admitirá evidencia sobre la misma si el tribunal concluye que la materia es información oficial y su divulgación está prohibida por ley, o que divulgar la información en la acción sería perjudicial a los intereses del gobierno del cual el testigo es funcionario o empleado."

3. Según lo citado en López Vives v. Policía de P.R., Ibid.
4. Sabemos que las Reglas de Evidencia de ordinario no se aplican a los procesos administrativos pero se ha reconocido que a nivel apelativo el Estado se puede beneficiar de los privilegios expuesto en la Regla 31 y 32 porque su aplicación le "permite al juzgador establecer el balance de interés del ciudadano de obtener la información y el del Estado de no divulgarla prematuramente." López Vives v. Policía de P.R., Ibid, pág. 232.
5. Véase, Santiago v. Bobb y El Mundo Inc., supra, pág. 162.
6. López Vives v. Policía de P.R., supra, pág. 233, según lo citado en los escolios 10 y 12. En especial véase las referencias a: Cf. K. Davis, Administrative Law Treatise, 2da ed., San Diego, Davis Pub. Co., 1980, Vol. 3, Sec. 16.1, pág. 263; Cf. McCormick, Evidence, Cap. 12, Sec. 110 (3ra ed. 1984); 8 Wigmore, Evidence, Sec. 2379, pág. 808 (1961).